# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADRACK S. GOAD, <br><br>            Plaintiff, <br>  v. <br><br> MCT GROUP, LAW OFFICES OF ROBERT L. SUSNOW, AND MISSION FEDERAL CREDIT UNION, <br><br>            Defendants. | CASE NO. 09cv1321 BTM(POR) <br><br> **ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendants MCT Group ("MCT") and Law Offices of Robert L. Susnow ("Susnow") (collectively "Defendants") have filed a motion for judgment on the pleadings. Defendant Mission Federal Credit Union ("Mission Federal") was dismissed pursuant to a joint motion by the parties on September 15, 2009. For the reasons discussed below, Defendants' motion is **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff alleges that sometime before November 16, 2004, Plaintiff allegedly incurred certain financial obligations. (Compl. ¶ 19.) Subsequently, Plaintiff allegedly fell behind in the payments. (Compl. ¶ 22.) Sometime thereafter, but before August 9, 2006, the alleged debt was assigned, placed, or otherwise transferred to Defendants for collection. (Compl. ¶ 23.)

Plaintiff filed for bankruptcy protection on October 20, 2006. (Compl. ¶ 25.) Plaintiff's debts were discharged under the Bankruptcy Code on January 25, 2007, rendering the

alleged debts no longer collectable.  (Compl. ¶ 25.)  Defendants all received notice that Plaintiff had filed for bankruptcy and that Plaintiff's debts were subsequently discharged.  (Compl. ¶ 26.)

On or about March 6, 2009, Defendants applied for garnishment of Plaintiff's wages.  (Compl. ¶ 24.)  Defendant Mission Federal continued to attempt to collect on the debt and failed to notify and stop MCT and Susnow from collecting on the debt on Mission Federal's behalf.  (Comp. ¶ 27.)

Plaintiff alleges that through their attempts to collect on a discharged debt, Defendants violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32.

## II.  STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  All allegations of fact by the party opposing the motion are accepted as true, and construed in the light most favorable to that party.  General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

Courts have discretion to grant Rule 12(c) motions with leave to amend.  In re Dynamic Random Access Memory Antitrust Litigation, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007).  Courts also have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any given claim.  Id.; see also Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).

## III. DISCUSSION

Defendants move for judgment on the pleadings on the ground that Plaintiff's FDCPA and RFDCPA claims are precluded by the Bankruptcy Code because they are premised on Defendants' attempts to collect a debt that was discharged by the Bankruptcy Court. The Court agrees with Defendants that Plaintiff's claims, as currently pled, are precluded by the Bankruptcy Code.

In <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d 502 (9th Cir. 2002), a Chapter 7 debtor brought an action against Wells Fargo in district court, alleging that Wells Fargo violated the Bankruptcy Code's discharge injunction and the FDCPA by attempting to collect her debt after it had been discharged. The Ninth Circuit held that the debtor's remedy for Wells Fargo's alleged violation of the discharge injunction (11 U.S.C. § 524) remained under the Bankruptcy Code and that the debtor could not use the FDCPA to bypass the Code's remedial scheme:

> To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door-a private right of action. This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt. "[A] mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code ... demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." <u>MSR Exploration</u>, 74 F.3d at 914 (state law malicious prosecution claim based on bankruptcy filings preempted). Nothing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code. See <u>Kokoszka v. Belford</u>, 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974).

<u>Id.</u> at 510. The reasoning of <u>Walls</u> applies equally to state claims that seek to redress violations of the Bankruptcy Code. <u>In re Chaussee</u>, 399 B.R. 225, 236-37 (9th Cir. BAP 2008) ("[W]here the Codes and Rules provide a remedy for acts taken in violation of their terms, debtors may not resort to other state and federal remedies to redress their claims lest the congressional scheme behind the bankruptcy laws and their enforcement be frustrated.")

The Seventh Circuit has held that a debtor may pursue FDCPA claims based on attempts to collect a debt in violation of an automatic stay or discharge injunction. See

1 Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004).  However, Walls, as a decision of the
2 Ninth Circuit, is the governing law here.  See In re Chaussee, 399 B.R. at 237 (refusing to
3 follow Randolph).

4      Here, as in Walls, Plaintiff's FDCPA and RFDCPA claims seek a remedy for
5 Defendants' alleged violation of the discharge injunction.  Therefore, Plaintiff's claims are
6 precluded.

7      In his opposition, Plaintiff argues that his FDCPA and RFDCPA claims are
8 independent of the violation of the discharge injunction.  However, the Complaint indicates
9 otherwise.  In the Complaint, Plaintiff alleges that Defendants attempted to collect on a debt
10 that was discharged under the Bankruptcy Code.  (Compl. ¶ 27.)  Plaintiff next alleges that
11 "[t]hrough this conduct" – i.e., attempting to collect on a discharged debt – Defendants (1)
12 engaged in conduct, the natural consequence of which was to harass, oppress, or abuse a
13 person in connection with a debt (in violation of 15 U.S.C. § 1692d; Cal. Civ. Code §
14 1788.17); (2) threatened to take action that cannot legally be taken or that is not intended to
15 be taken (in violation of 15 U.S.C. § 1692e(5); Cal. Civ. Code § 1788.17); (3) communicated
16 or threatened to communicate to a person credit information which was known or which
17 should have been known to be false (in violation of 15 U.S.C. § 1692e(8); Cal. Civ. Code §
18 1788.17); and (4) used unfair or unconscionable means to collect or attempt to collect a debt
19 (in violation of 15 U.S.C. § 1692f; Cal. Civ. Code § 1788.17).  (Compl. ¶¶ 28-33.)

20      Although it is possible for a debtor whose debts have been discharged in bankruptcy
21 to allege FDCPA claims that are factually independent of a creditor's violation of the
22 Bankruptcy Code, see, e.g., Burchalewski v. Wolpoff & Abramson, LLP, 2008 WL 4238933
23 (W.D.N.Y. Sept. 8, 2008) (granting motion to dismiss as to FDCPA claims predicated on
24 violations of the Bankruptcy Code but denying motion to dismiss as to claim that creditor
25 violated the FDCPA by misrepresenting the creditor's name), Plaintiff has not done so here.
26 Plaintiff has not alleged any facts establishing that Defendants violated the FDCPA or
27 RFDCPA in a way that does not implicate the discharge injunction.  Plaintiff argues that
28 Susnow threatened to garnish wages although he could not legally do so.  (Pl.'s Mem. of P.

1 & A. in Support of Opp'n at 2.) However, this claim depends on a determination that the debt
2 was in fact discharged. See <u>Wehrheim v. Secrest</u>, 2002 WL 31242783, * 8 (S.D. Ind. Aug.
3 16, 2002) ("If Plaintiff were allowed to pursue her FDCPA claim based on a violation of § 524,
4 then the court would have to decide whether the debt on the mortgage note had been
5 discharged in bankruptcy. This would interject the court into bankruptcy laden questions and
6 require reference to the Bankruptcy Code.") Plaintiff also argues that Susnow threatened to
7 communicate to a person credit information which was known or which should have been
8 known to be false. (Pl.'s Mem. of P. & A. in Support of Opp'n at 3.)  Again, it appears that
9 the claim depends on whether the debt was discharged because the alleged false
10 information presumably was that the debt was still owed and was collectable.

11 Because Plaintiffs' FDCPA and RFDCPA claims, as currently pled, are premised on
12 Defendants' violation of the discharge injunction, Plaintiffs claims are precluded by the
13 Bankruptcy Code.

### IV. CONCLUSION

15 For the reasons discussed above, Defendants' motion for judgment on the pleadings
16 is **GRANTED**.  In its discretion, the Court **DISMISSES** Plaintiff's Complaint for failure to state
17 a claim in lieu of entering judgment. The Court also grants Plaintiff leave to file an amended
18 complaint to the extent that Plaintiff can plead violations of the FDCPA and RFDCPA that are
19 independent of any violation of the discharge injunction.  If Plaintiff chooses to file an
20 amended complaint, Plaintiff must file such complaint within 20 days of the filing of this order.
21 If Plaintiff does not file an amended complaint within the prescribed time, the Court shall
22 order the Clerk to enter judgment dismissing the case.

23 **IT IS SO ORDERED.**

24 DATED: December 4, 2009

26 *Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge