# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADRACK S. GOAD, <br><br>　　　　　　　　　Plaintiff, <br> v. <br><br> MCT GROUP, LAW OFFICES OF ROBERT L. SUSNOW, AND MISSION FEDERAL CREDIT UNION, <br><br>　　　　　　　　　Defendants. | CASE NO. 09cv1321 BTM(POR) <br><br> **ORDER GRANTING MOTIONS FOR JUDGMENT ON THE PLEADINGS** |

Defendants MCT Group ("MCT") and Law Offices of Robert L. Susnow ("Susnow") (collectively "Defendants") have filed motions for judgment on the pleadings with respect to Plaintiff's First Amended Complaint. Defendant Mission Federal Credit Union ("Mission Federal") was dismissed pursuant to a joint motion by the parties on September 15, 2009. For the reasons discussed below, Defendants' motions are **GRANTED**.

## I. FACTUAL BACKGROUND

In Plaintiff's original complaint, Plaintiff alleged that Defendants, through their attempts to collect on a debt that was discharged in bankruptcy, violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.32.

In an order filed on December 7, 2009 (12/7/09 Order), the Court granted a motion for judgment on the pleadings brought by Defendants. Following Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 (9th Cir. 2002), the Court held that Plaintiff's FDCPA and RFDCPA claims

were precluded by the Bankruptcy Code because Plaintiff's claims were premised on Defendants' violation of the discharge injunction.  However, the Court granted Plaintiff leave to file an amended complaint "to the extent that Plaintiff can plead violations of the FDCPA and RFDCPA that are *independent* of any violation of the discharge injunction." (Emphasis added.)

Plaintiff filed his First Amended Complaint ("FAC") on December 8, 2009.  According to the FAC, prior to November 16, 2004, Plaintiff allegedly incurred certain financial obligations in the form of a student loan to Mission Federal Credit Union.  (FAC ¶ 18.)  Sometime thereafter, Plaintiff allegedly fell behind in the payments.  (FAC ¶ 22.)  Subsequently, the alleged debt was assigned to MCT and Susnow, as MCT's legal representative, for collection.  (FAC ¶¶ 23-24.)

On or about January 9, 2009, Susnow served on Plaintiff's Credit Union a Notice to Levy and demanded payment of the alleged debt.  (FAC ¶ 25.)  Plaintiff asserts that the alleged debt was not owed, and MCT and Susnow had no legal authority to levy any funds from Plaintiff.  (FAC ¶¶ 25-28.)

On or about March 6, 2009, MCT submitted to the United States Navy an "Involuntary Allotment Application" for purposes of garnishing Plaintiff's wages.  (FAC ¶ 31.)  In the Application, MCT swore under penalty of perjury that (1) if Plaintiff were a civilian employee instead of a member of the armed forces, Plaintiff's pay could be garnished under applicable State law and 5 U.S.C. § 5520a; and (2) Plaintiff's debt had not been discharged in bankruptcy, nor had Plaintiff filed for protection from creditors under the bankruptcy laws of the United States.  (FAC ¶ 32.)  Plaintiff alleges that MCT knew or should have known that the aforementioned statements were untrue.  (FAC, ¶¶ 33-34.)

Plaintiff alleges that Defendants violated the FDCPA, including 15 U.S.C. §§ 1692f (prohibiting the use of unfair or unconscionable means to collect or attempt to collect a debt), 1692e(5) (prohibiting debt collectors from threatening to take any action that cannot legally be taken), and 1692e(10) (the use of any false representation or deceptive means to collect a debt). Plaintiff also alleges that Defendants violated the RFDCPA by violating the FDCPA.

Cal. Civ. Code § 1788.17.

## II. STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  All allegations of fact by the party opposing the motion are accepted as true, and construed in the light most favorable to that party.  General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

Courts have discretion to grant Rule 12(c) motions with leave to amend.  In re Dynamic Random Access Memory Antitrust Litigation, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007).  Courts also have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any given claim.  Id.; see also Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).

## III. DISCUSSION

Once again, Defendants move for judgment on the pleadings on the ground that Plaintiff's FDCPA and RFDCPA claims are precluded by the Bankruptcy Code because they are premised on Defendants' attempts to collect a debt that was discharged by the Bankruptcy Court.  Once again, the Court agrees with Defendants.

In the FAC, Plaintiff eliminated most of the original complaint's references to the 2007 discharge of Plaintiff's debt in Bankruptcy Court.  However, it is still clear to the Court that the basis for Plaintiff's claims is that Defendants did not have the legal authority to collect on the student loan debt and the debt was not actually owed *because the debt had been discharged in bankruptcy*.  Nowhere in the FAC or Plaintiff's opposition papers does Plaintiff

1  contend that the debt was not owed for some other reason.

2  In <u>Walls</u>, the Ninth Circuit held that a debtor's exclusive remedy for the violation of the discharge injunction lies under the Bankruptcy Code. The Ninth Circuit explained that allowing a plaintiff to pursue a claim under the FDCPA for the defendant's violation of the discharge injunction by attempting to collect a debt after it had been discharged, "would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt." <u>Walls</u>, 276 F.3d at 510.

Fair debt collection claims that hinge upon whether the debt at issue was discharged or not are precluded. In <u>Wherheim v. Secrest</u>, 2002 WL 31242783 (S.D. Ind. Aug. 16, 2002), the court held that the plaintiff's FDCPA claims under 15 U.S.C. § 1692e(10) and 1692(f) were precluded because if the plaintiff were allowed to pursue the claims, the court would have to decide whether the debt on the mortgage note had been discharged in bankruptcy - "This would interject the court into bankruptcy laden questions and require reference to the Bankruptcy Code." <u>Id.</u> at * 8. Similarly, in <u>Necci v. Universal Fidelity Corp.</u>, 297 B.R. 376 (E.D.N.Y. Aug. 4, 2003), the court held that the plaintiff's claims under 15 U.S.C. § 1692e(2)(A), (5), and (10) were precluded because they were premised upon a violation of the bankruptcy stay by post-discharge collection attempts.

Plaintiff's FDCPA and RFDCPA claims clearly depend on the legal status of Plaintiff's debt and would require the Court to determine whether the debt was discharged or not. Therefore, Plaintiff's claims are precluded.

The Court reiterates that not all fair debt collection practices claims are precluded just because the debt at issue was discharged in bankruptcy. Claims that are independent of the bankruptcy discharge – i.e., claims that do not turn upon the discharged nature of the debt – would not interfere with the remedial scheme of the Bankruptcy Code. <u>See, e.g.</u>, <u>Burchalewski v. Wolpoff & Abramson, LLP</u>, 2008 WL 4238933, * 2 (W.D.N.Y. Sept. 8, 2008) (denying motion to dismiss as to claim that defendant violated the FDCPA by misrepresenting the creditor's name in violation of 15 U.S.C. § 1692e). For example, even if a debt was

discharged, the debtor could pursue claims against a debt collector who harassed the debtor by making incessant telephone calls, threatened or intimidated the debtor, or lied about matters (other than whether the debt is owed). These types of claims would not be precluded under the reasoning of Walls. However, Plaintiff did not make claims such as these.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motions for judgment on the pleadings are **GRANTED**. The Court grants judgment on Plaintiff's FAC in favor of Defendants and against Plaintiff. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  April 6, 2010

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge